## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **In re** | **Chapter 7** |
| **TOP LINE GRANITE DESIGN, INC.,** | **Case No. 22-40216-EDK** |
| **Debtor.** | |
| **STEVEN WEISS, as CHAPTER 7 TRUSTEE,** | |
| **Plaintiff,** | **Adv. Pro No. 24-4004-EDK** |
| **v.** | |
| **MR. ADVANCE, LLC** | |
| **Defendants.** | |

## MOTION TO DISMISS

Mr. Advance, LLC ("Mr. Advance"), by and through its undersigned counsel, for its Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6), made applicable to these proceedings by Fed. R. Bankr. P. 7012, states as follows:

## INTRODUCTION

The claims asserted by the Trustee are not plausible on their face and, as such, must be dismissed. Both claims are based on the Trustee's bald, unsupported legal conclusion that the agreement between the Debtor and Mr. Advance is something other than what it says it is. The Trustee provides no factual or other support as to why the terms of the agreement should be

disregarded and fails to seek recharacterization of the agreement through declaratory or other relief.

When examining the terms of the agreement it is clear that the claims are simply not plausible as alleged. Count I of the Complaint is not plausible because the transfers that the Trustee seeks to recover were not transfers of an interest of the Debtor in property because the Debtor had no legal or equitable interest in the property at the time the transfers occurred. Count II of the Complaint is not plausible because usury law is inapplicable to the transaction contemplated in the Purchase Agreement (as defined below) and, in any event, the Trustee relies upon the wrong law altogether.

**<u>BACKGROUND</u>**

On December 23, 2021, Mr. Advance entered into a Future Receivables Sale and Purchase Agreement ("Purchase Agreement") with the Debtor under which the Debtor sold $112,425 (the "Purchased Amount") of future receipts ("Future Receipts") to Mr. Advance. A copy of the Purchase Agreement is attached as Exhibit A to the Complaint. Future Receipts are defined in the Purchase Agreement as "all of [Debtor's] receipts of monies for the sale of its goods and services that monies shall be paid and delivered to [Debtor] by [Debtor's] customers and/or other vendees after the Effective Date of this Agreement; which payments or deliveries of monies can be made in the form of cash, check, credit, charge, or debit card, ACH or other electronic transfer or any other form of monetary payment and/or pecuniary benefit received by [Debtor]." *See* Purchase Agreement, ¶1(c). The Future Receipts purchased by Mr. Advance under the Purchase Agreement were to be obtained by the Debtor depositing all Future Receipts collected into a bank account designated in the Purchase Agreement, defined in the Purchase Agreement as the "Approved Bank Account," and then Mr. Advance would debit from the Account $1,873.75 (the "Initial Daily

Installment) on a daily basis, which was meant to equal the Specified Percentage, defined in the Purchase Agreement as 25%, of each Future Receipt collected based upon historical revenue information that was provided by the Debtor to Mr. Advance at the time the Purchase Agreement was entered into. *See* Purchase Agreement, ¶¶1(g), 6, 7. The Initial Daily Installment was subject to a reconciliation procedure to ensure that the amount debited would equal the Specified Percentage. *See* Purchase Agreement, ¶¶10, 11, 12, 13.

Based on the express, unambiguous terms of the Purchase Agreement, the transaction was a sale of Future Receipts by the Debtor to Mr. Advance. The Purchase Agreement provides, in relevant part:

> **2. Sale of Future Receipts…**…By virtue of this Agreement, [Debtor] transfers to [Mr. Advance] full and complete ownership of the of the Purchased Future Receipts and Seller retains no legal or equitable interest therein.

> **d.  Not a Loan**.  [Debtor] and [Mr. Advance] agree that the Purchase Price is paid to seller in consideration for the acquisition of the Purchased Future Receipts and that payment of the Purchase Price by [Mr. Advance] is no intended to be, no shall it be construed as, a loan from [Mr. Advance] to [Debtor] that requires absolute and unconditional repayment on the maturity date.  To the contrary, [Mr Advance's] ability to receive the Purchased Amount pursuant to this Agreement, and the date when the Purchased Amount is delivered to [Mr. Advance] in full (if ever) are subject to and conditioned upon performance of Seller's business.

*See* Agreement, ¶¶2, 16(d).

On March 25, 2022, the Debtor filed its voluntary petition under Chapter 11 of the United States Bankruptcy Code.  The case was converted on June 29, 2023.  On January 9, 2024 the Trustee initiated the instant adversary proceeding.

As previously stated, the claims in the Complaint are based solely upon the bald legal conclusion that the Purchase Agreement is a loan.  The Trustee provides no factual support for his

legal conclusion that the Purchase Agreement is a loan and should not be given the any weight in determining the claims set forth in the Complaint.

In Count I of the Complaint, the Trustee seeks to avoid and recover the debits of the Future Receipts that were purchased by Mr. Advance in accordance with the terms of the Purchase Agreement. In Count II of the Complaint, the Trustee asserts that Mr. Advance violated M.G.L c. 93A by charging the Debtor a usurious interest rate as set forth in M.G.L. c. 271. § 49. Both Counts I and II are undermined by the clear language set forth in the Purchase Agreement that the transaction between the parties was not a loan.

As neither Count is plausible on its face as will be demonstrated herein, they must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6), made appliable to these proceedings by Fed. R. Bankr. P. 7012.

## ARGUMENT

### I. Legal Standard for Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6)

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a plausible claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678–79, 129 S. Ct. 1937, 1949–50, 173 L. Ed. 2d 868 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The tenant that a court must accept as true all allegations in the complaint is inapplicable to legal conclusions. *Id*. Only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id*.

**II.** **Count I of the Complaint Must be Dismissed Because the Claim is Not Plausible on its Face because the Debits From the Account Were not Transfers of an Interest of the Debtor in Property**

Count I of the Complaint is a preference claim pursuant to 11 U.S.C. §547(b). It is clear from the face of the Complaint that the Trustee cannot even establish the first element of the claim under Section 547(b) of the United States Bankruptcy Code. The first element of a claim under Section 547(b) of the Bankruptcy Code is that there was a "transfer of an interest of the debtor in property." Here, the Trustee seeks to recover the debits of the Future Receipts from the Approved Bank Account that were made per the term of the Purchase Agreement as if each was a "transfer of an interest of the debtor in property." This is also not plausible based on the plain terms of the Purchase Agreement.

Per the express, clear and unambiguous terms of the Purchase Agreement, when the Debtor entered into the Agreement, it transferred to Mr. Advance "full and complete ownership of the Purchased Future Receipts, and [Debtor] retain[ed] no legal or equitable interest therein."[1] Thus, at the time the Debtor entered into the Agreement, it no longer had a legal or equitable interest in the Future Receipts it sold to Mr. Advance.

It is clear from the terms of the Purchase Agreement that all Mr. Advance was debiting from the Account were the Future Receipts it purchased that, per the terms of the Purchase Agreement, the Debtor no longer had a legal or equitable interest in. As the Debtor had no legal or equitable interest in the property at the time the debits occurred, the debits cannot constitute a transfer of an interest of the debtor in property. As such, the Trustee has not and cannot establish even the first element of the claim.

---

[1] This provision of the Purchase Agreement is consistent with UCC §9-318(a) which provides that "A debtor that has sold an account, chattel paper, payment intangible, or promissory note does not retain a legal or equitable interest in the collateral sold."

**III.    Count II of the Complaint Must be Dismissed Because it is Not Plausible as Usury Law is Inapplicable and, in any Event, the Trustee Relies Upon the Wrong Law**

The transaction between the Debtor and Mr. Advance by its clear, express and unambiguous terms is not a loan. *See* Purchase Agreement, ¶. As the transaction is clearly not a loan, usury law is inapplicable. *See, e.g. Begelfer v. Najarian*, 381 Mass. 177, 186-87, 409 N.E.2d 167, 173 (1980) citing General Laws c. 271, s 49(c). The Trustee claims in Count II of the Complaint that Mr. Advance violated G.L. c. 93A by extending a usurious loan to the Debtor. As usury law is inapplicable to the transaction, the Trustee's entire basis for the claim is not plausible on its face and must be dismissed.

What's more, even if the Trustee's unsupported legal conclusions were correct, the claim is still deficient as the Trustee relies upon the wrong law altogether. The Purchase Agreement provides that it is to be governed and construed under the laws of the state of Connecticut, not by Massachusetts law. *See* Purchase Agreement, ¶10. As such, even if the transaction were a loan (it isn't) Massachusetts usury law would nevertheless be inapplicable – only Connecticut law is applicable. As the Trustee's claim under Count II of the Complaint relies upon the wrong law altogether, Count II of the Complaint must be dismissed.

[remainder of page intentionally left blank]

## **CONCLUSION**

The Trustee has failed to state a claim for which relief can be granted and has provided no basis for which to conclude that the transaction described in the Complaint can or should be construed as anything other than what the plain language of the Purchase Agreement states. As such, Mr. Advance requests that this Court enter an order dismissing the adversary proceeding with prejudice.

Respectfully Submitted,

MR. ADVANCE, LLC
By its attorneys,

Dated:  March 1, 2024

/s/ *Jesse I. Redlener*
Jesse I. Redlener (BBO # 646851)
ASCENDANT LAW GROUP LLC
2 Dundee Park Drive, Suite 102
Andover, MA 01810
(978) 409-2038
jr@ascendantlawgroup.com

## CERTIFICATE OF SERVICE

I, Jesse I. Redlener, hereby certify that on March 1, 2024, I caused a copy of the *Motion to Dismiss* to be served electronically upon all ECF users entitled to notice thereunder.

<u> /s/ Jesse I. Redlener </u>
Jesse I. Redlener