|  |  |
|---|---|
| In re | ) |
|  | ) |
|  | ) Chapter 7 |
| TOP LINE GRANITE DESIGN, INC., | ) Case No. 22-40216-EDK |
| Debtor | ) |
|  | ) |
|  | ) |
| STEVEN WEISS, Chapter 7 Trustee, | ) |
| Plaintiff | ) |
|  | ) |
| v. | ) Adversary Proceeding No. 24-4004-EDK |
|  | ) |
| MR. ADVANCE, LLC, | ) |
| Defendant | ) |
|  | ) |

## PLAINTIFF'S MOTION TO COMPEL

## RESPONSES TO DISCOVERY

Now comes Steven Weiss, Trustee (the "Plaintiff") and pursuant to Local Bankruptcy Rule 7037-1(c), requests that this Court enter an order compelling Mr. Advance, LLC (the "Defendant") to respond to certain interrogatories propounded by the Plaintiff.  In support of this Motion the Plaintiff respectfully states as follows:

1.  On or about September 30, 2024 the Plaintiff served interrogatories and requests for production of documents upon the Defendant's counsel.

2.  On November 1, 2024 the Defendant served its responses.

3. On November 12, 2024 the Plaintiff served its second set of interrogatories to the Defendant's counsel. As of this date, no responses have been received.

4. A discovery conference was held via Zoom on November 20, 2024 and lasted approximately 0.6 hours. The parties did not reach agreement on any matters.

5. On December 10, 2024 the Plaintiff filed a request for a pre-motion discovery conference. On the same date the Court entered an order denying the request, and authorizing the Plaintiff to file this motion [Dkt. No. 39].

6. The Trustee asserts and the Defendant denies that the Defendant is obligated to answer interrogatories 13-19 in the Trustee's first set of interrogatories to the Defendant. The Defendant objected to each of interrogatories 13-19 and did not provide a substantive response.

7. Rule 37(b)(1) of the Federal Rules of Civil Procedure provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 37(b)(1). Rule 37 applies to adversary proceedings. Fed. R. Bankr. P. 7037.

8. In his complaint, the Plaintiff alleges both that transfers from the Debtor to the Defendant were avoidable preferential transfers and that the so-called "merchant cash advance" agreement between the Debtor and the Defendant in fact constituted a usurious loan illegal under the laws of the Commonwealth of Massachusetts. The Trustee alleges that Massachusetts law applies to all transactions at issue. Determining what state's laws apply to a transaction requires the development of a full factual record. *Buote v. LeMenager*, 2024 U.S. Dist. LEXIS 2589 at *6

(D. Mass. 2024). Under Massachusetts law, whether a transaction is "a *bona fide* sale or in fact a disguised loan" is a fact-driven inquiry. *Forward Fin. LLC v. Maxx Powersport LLC*, 2017 U.S. Dist. LEXIS 195991 at \*6-7 (D. Mass. 2017).

9. Distinguishing between a sale and a loan in the commercial context "requires a close look at the details of the transaction." *Burm v. Johnson (In re Burm)*, 554 B.R. 5, 17 (Bankr. D. Mass. 2016). While it is difficult to establish a brightline rule, "case law does reflect a common set of elements considered by courts in determining whether a particular transaction constitutes a sale or a loan. Those factors include (1) whether the transaction is non-recourse; (2) whether the seller's creditors are notified that payments are to be made to the buyer of the accounts and/or whether the buyer takes responsibility for account collection; and ([3]) the intent of the parties." *Burm*. 554 B.R. at 17. *See also Xynergy Healthcare Capital II LLC v. Municipality of San Juan*, 516 F. Supp. 3d 137, 151 (D. Puerto Rico, 2021) (*citing Burm*).

10. Whether so-called merchant cash advance agreements constitute purchases of accounts receivables or, as the Plaintiff contends here, that they are disguised usurious loans, is a matter drawing national scrutiny, *see, e.g. New York v. Yellowstone Capital LLC, et. al.,* pending in the Supreme Court for the State of New York (New York County), Index No. 450750/2024.

11. Pursuant to Local Bankruptcy Rule 7037-1(c), a joint stipulation is to be filed within 7 days after the filing of this motion. Contemporaneously herewith the Plaintiff has submitted a proposed joint stipulation to the Defendant's counsel, detailing the Plaintiff's positions as to Interrogatories 13 through 19, and requesting input from the Defendant. The Plaintiff expects to file the joint stipulation or, if no response is received from the Defendant, filing a statement detailing its position on the disputed discovery responses.

12. The Plaintiff believes that the discovery requests to the Defendant seek facts that are relevant to the Plaintiff's allegations in this case, and that the Defendant should be compelled to provide substantive responses.

WHEREFORE, the Plaintiff respectfully prays:

1. That the Defendant be ordered to provide substantive responses to the disputed discovery requests; and

2. For such further relief as this Court deems appropriate.

Respectfully submitted,
For the Plaintiff,
STEVEN WEISS, TRUSTEE,
By his attorneys,


   /s/ Mark J. Esposito
Steven Weiss, BBO # 545619
Mark J. Esposito, BBO # 672638
Shatz, Schwartz and Fentin, P.C.
1441 Main Street, Suite 1100
Springfield, MA 01103
(413) 737-1131
(413) 736-0375 (f)
sweiss@ssfpc.com
mesposito@ssfpc.com

Dated: December 17, 2024

22\0137\Avoidance Claims\Complaint.Mr Advance\Motion.compel.discovery.Mr.Advance.1601

4

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

|  |  |  |
|---|---|---|
| In re | ) | |
| | ) | Chapter 7 |
| TOP LINE GRANITE DESIGN, INC., | ) | Case No. 22-40216-EDK |
| Debtor | ) | |
| | ) | |
| | ) | |
| STEVEN WEISS, Chapter 7 Trustee, | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. 24-4004-EDK |
| | ) | |
| MR. ADVANCE, LLC | ) | |
| Defendant | ) | |

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document has been served via email upon:

| | |
|---|---|
| Jesse I. Redlener, Esq. | Shanna M. Kaminski, Esq. |
| Lee Harrington, Esq. | Kaminski Law, PLLC |
| Ascendant Law Group LLC | P.O. Box 247 |
| 2 Dundee Park Drive, Suite 102 | Grass Lake, MI 49240 |
| Andover, MA 01810 | skaminski@kaminskilawpllc.com |
| jr@ascendantlawgroup.com | |
| lh@ascendantlawgroup.com | |

via email, this 17th day of December, 2024.

/s/Mark J. Esposito
Mark J. Esposito

22\0137\Avoidance Claims\Complaint.Mr Advance\Motion.compel.discovery.Mr.Advance.1601