# UNITED STATES BANKRUPTCY COURT
## FOR THE CENTRAL DISTIRCT OF MASSACHUSETTS
### CENTRAL DIVISION

|  |  |  |
|---|---|---|
| _____ | ) | |
| In re | ) | Chapter 7 |
| | ) | Case No. 22-40216-EDK |
| TOP LINE GRANITE DESIGN, INC., | ) | |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| STEVEN WEISS, Chapter 7 Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Pro. No. 23-04004-EDK |
| | ) | |
| MR ADVANCE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## RESPONSE TO MOTION TO COMPEL

Defendant, Mr. Advance, LLC ("Mr. Advance"), by and through its undersigned counsel, for its Response to Motion to Compel states as follows:

## RELEVANT BACKGROUND

On December 23, 2021, Mr. Advance entered into a Future Receivables Sale and Purchase Agreement ("Purchase Agreement") with the Debtor under which Mr. Advance purchased $112,425 of Future Receipts, as that term is defined in the Purchase Agreement, from the Debtor. In this action, the Trustee seeks to recover certain transfers purportedly made by the Debtor of Receivables the Debtor sold to Mr. Advance under 11 U.S.C. §547(b). The Trustee also asserts a claim for violation of the Massachusetts usury statute. These are the only two claims in this case.

As the transaction between Mr. Advance and the Debtor is a sale on its face, whether usury law is applicable to the transaction will require the Trustee to prove that the transaction between Mr. Advance and the Debtor is a disguised loan.

The Interrogatories at issue in the Motion request information regarding other purchase transactions that Mr. Advance has entered into with other businesses, not information regarding the transaction between the Debtor and Mr. Advance that is at issue in this case. The Interrogatories at issue are as follows:

Interrogatory No. 14
State the number of different companies with whom Defendant entered into a merchant cash advance agreement during the Time Period.

Interrogatory No. 15
State the number of different companies with whom Defendant entered into a merchant cash advance agreement during the Time Period where no individual partially or fully guaranteed such company's obligations under such agreement and identify each such company.

Interrogatory No. 16
State the number of different companies with whom Defendant entered into a merchant cash advance agreement during the Time Period who requested a reconciliation of payments under such agreement against actual revenue received and identify each such company.

Interrogatory No. 17
State the number of different companies with whom Defendant entered into a merchant cash advance agreement during the Time Period who requested a reconciliation of payments under such agreement against actual revenue received whose request or requests resulted in an alteration of any payment or debit amount and identify each such company.

Interrogatory No. 18
Identify all merchant cash advance agreements which Defendant entered into during the Time Period where Defendant declared a default, and identify all documents recording, reflecting, evidencing, or relating to such declaration.

Interrogatory No. 19
Identify all lawsuits initiated by Defendant during the Time Period against any limited or unlimited guarantor of any company's obligations under a merchant cash advance agreement between such company and Defendant, and identify all documents recording, reflecting, evidencing, or relating to such lawsuit.

Mr. Advance objected to and did not respond to such interrogatories on the basis that the information sought is not relevant to the claims and defenses in this case because the existence of, substance of and its conduct related to other transactions are unrelated to the claims and defenses in this case and have no part in the analysis this Court will engage in.[1]

The Trustee has pressed for responses to such interrogatories from Mr. Advance despite its valid objections.[2] As the Trustee has failed to meet its initial burden of showing that the information is relevant to the determination of whether the transaction is a bona fide sale or disguised loan and the information is demonstrably not relevant to such analysis, the Court should deny this Motion.

## ARGUMENT

**I.** **The Motion Should be Denied Because the Trustee Has Not Met His Burden of Showing the Relevance of the Information He Seeks to Compel**

"On a motion to compel, the party seeking information in discovery over an adversary's objection has the burden of showing its relevance." *Roy v. FedEx Ground Package Sys., Inc.*, 675 F. Supp. 3d 140, 144 (D. Mass. 2023).; *also see, Close v. Acct. Resol. Servs.*, 557 F. Supp, 3d 247, 250 (D. Mass. 2021) (denying motion to compel because movant failed to sufficiently show the relevance of the information it sought to compel). "Once a showing of relevance is made, [only then does] the party opposing disclosure bear[] the burden of showing that the requested discovery is improper." *Id*.

---

[1] Mr. Advance also asserted that it would be unduly burdensome to compile such information.

[2] Counsel for Mr. Advance requested citations to applicable case law showing such information is considered and/or analyzed by courts when making the determination as counsel for Mr. Advance was unaware of any case law in which such information had ever been considered or analyzed. No case law was ever provided, and Mr. Advance now understands why not. There are no cases that support the Trustee's position as none have been cited herein.

The Trustee has failed to meet his burden of showing that the information he seeks is relevant. The Trustee does not endeavor to explain in his Motion why the information requested in each interrogatory is relevant, the Trustee just states, without any explanation whatsoever, that "[t]he Plaintiff believes that the discovery requests to the Defendant seek facts that are relevant to the Plaintiff's allegations in this case."

What's more, the cases cited by the Trustee in the Motion do not support his position that the information he seeks to compel is relevant to the analysis of whether the transaction is a bona fide sale or disguised financing. In Paragraph 9 of the Motion, the Trustee cites the factors he asserts are analyzed by courts to determine if a transaction is a bona fide sale or a disguised loan and none of those factors implicate other transactions. The focus of the analysis is solely on the transaction before the court.

As the Trustee has not endeavored to explain why the information requested in the interrogatories is relevant in this Motion and the case law cited by the Trustee in the Motion does not support the Trustee's position that such information is relevant to any analysis that will be engaged in by this Court,[3] the Motion should be denied.

---

[3] The first case cited by the Trustee is *Forward Fin. LLC v. Maxx Powersport LLC*, 2017 U.S. Dist. LEXIS 195991 at *6-7 (D. Mass. 2017). The issue before the Court in the *Forward Fin., LLC* case was defendant's motion for leave to file second amended counterclaims seeking to add additional factual detail related to the issue of the true nature of the transaction in response to a motion to dismiss filed by plaintiff. Plaintiff argued that amendment would be futile because usury law is inapplicable to the transaction as the transaction on its face is a sale and the character of the transaction can be determined from the face of the agreement. The Court noted that the principal question before it in the pending motion to dismiss was whether the transaction was a bona fide sale or a disguised loan and that because the agreement was "convoluted and difficult to understand" "allegations of how the parties understood or interpreted the Agreement would likely be relevant." There is no discussion anywhere in this case that information related to other transactions Forward Financing, LLC had entered into would be relevant to the analysis of whether the transaction at issue was a bona fide sale or a disguised loan.

**II.** **The Motion Should be Denied Because the Information Sought is Unquestionably Not Relevant to the Determination of Whether the Transaction is a Sale or Loan and, in any Event, is Not Proportionate to the Needs of the Case**

Disclosing other companies that Mr. Advance entered into purchase agreements with and providing various details of those transactions like whether there was a guaranty requested in connection with the transaction, whether a reconciliation was requested or performed in connection with the transaction, whether a default was declared and whether lawsuits were filed is simply not relevant to any of the claims and defenses in this case. This is clearly demonstrated by the cases cited by the Trustee in its Motion. In not even one of the cases cited by the Trustee did a court look to other transactions to make the determination of whether the transaction was a sale or a loan. Only facts related to the transaction at issue were examined by the courts.

This is not only the case under Massachusetts law, but appears to be the case in all jurisdictions in which such an analysis has been engaged in. *See, e.g. CapCall, LLC v. Foster (In*

---

The second case cited is *Burm v. Johnson (In re Burm)*, 554 B.R. 5, 17 (Bankr. D. Mass. 2016). In the *Burm* case, before the court were two claim objections in which a debtor sought disallowance of the claims on the basis that the promissory notes and mortgages on which the claims were based were void and enforceable because they violated Massachusetts usury law. The claimant argued in response that usury laws were inapplicable because the transaction was factoring of accounts receivable and, as such, not a loan subject to usury laws. In analyzing whether the transaction was a disguised loan rather than a sale, the court noted "whether a transfer of interest in accounts receivable is truly a 'sale' or whether the payment of the 'purchase price' is in reality a 'loan,' requires a close look at the details of the transaction" and stated "case law [] reflects a common set of elements considered by courts in determining whether a particular truncation constitutes a sale or a loan." The elements cited by the Court and cited explicitly by the Trustee in its papers were "(1) whether the transaction is non-recourse, (2) whether the seller's creditors are notified that payments are to be made to the buyer of the accounts and/or (3) whether the buyer takes responsibility for account collection, and (4) the intent of the parties." The court then analyzed those elements. Notably, all of the elements cited focus on the transaction at issue only.

In the third case cited, *Xynergy Healthcare Capital II LLC v. Municipality of San Juan*, 516 F.Supp.3d 137 (2021), the Court cited the same elements stated in the *Burm* case for determining whether the transaction at issue was a sale or a loan and analyzed those elements. Notably, like in the other cases, the court only looked at the terms of the transaction at issue and the conduct and intent of the parties of the transaction.

*re Shoot the Moon, LLC)*, 635 B.R. 797 (Bankr. D. Mont. 2021) (determining transaction was a loan after reviewing the following factors: (1) whether the buyer has a right of recourse, (2) whether the seller continues to service the accounts and commingles receipts with its operating funds; (3) whether there was an independent investigation by the buyer of the account debtor; (4) whether the seller has a right to excess collections; (5) whether the seller retains an option to repurchase accounts; (6) whether the buyer can unilaterally alter the pricing terms; (7) whether the seller has the absolute power to alter or compromise the terms of the underlying asset; and (8) the language of the agreement and the conduct of the parties); *In re R&J Pizza Corp.*, 2014 Bankr. LEXIS 5461 (Bankr. E.D.N.Y. Oct. 14, 2014) (In funding that the transaction was a true sale, the court the court noted the following: (1) all of the underlying documents consistently referred to the transaction as a "purchase" and "sale" and to the parties as "Buyer" and "Seller," and did not include any provision allowing for interest to be paid; (2) the agreement did not provide for recourse against the business for non-collection and the personal guarantee was effective only under a limited set of circumstances; (3) the debtor had no right to process or repurchase the accounts, and no ability to commingle proceeds; and (4) MCC had no right to alter the price or terms of the purchase.).

In short, the analysis that will be engaged in by the Court does not look to other transactions – only the transaction at issue. As such, the Trustee's requests asking for information regarding various other transactions Mr. Advance has entered into unrelated to the transaction with the Debtor requested in the Interrogatories at issue are simply not relevant to the claims and defenses in this case.

Not only is the information not relevant, but it would be burdensome for Mr. Advanc to compile the information. Mr. Advance does not have the information requested readily available.

To respond to these requests, it would require an employee or contractor to go through documentation related to each and every transaction for the relevant time period (there are thousands) and compile the information requested. Considering the information is not even relevant to the analysis, requiring Mr. Advance to do this would likewise not be proportionate to the needs of the case and the Trustee has not explained why it would be. *See, e.g. Conservation L. Found., Inc. v. All-Star Transportation, LLC*, No. 3:21-CV-00201 (JBA), 2022 WL 16901999, at *1–2 (D. Conn. Nov. 11, 2022) ("Even relevant information must be reasonably proportional to the value of the requested information, the needs of the case, and the parties' resources…the fact that particular information is relevant does not mean that its production will always be proportional to the needs of the case…a party claiming that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them."); Fed. R. Civ. P. 26(b)(1).

<h3 align="center"><u>CONCLUSION</u></h3>

The Trustee has failed to meet his burden of showing the relevance of the information he seeks to compel and it is clear that the information is not relevant, and that production of such information is not proportional to the needs of the case. As such, the Motion should be denied.

Dated: January 14, 2025

Respectfully Submitted,

KAMINSKI LAW, PLLC

*/s/ Shanna M. Kaminski*
Shanna M. Kaminski
*Admitted Pro Hac Vice*
P.O. Box 247
Grass Lake, Michigan 49240
(248) 462-7111
skaminski@kaminskilawpllc.com

**UNITED STATES BANKRUPTCY COURT**
**FOR THE CENTRAL DISTIRCT OF MASSACHUSETTS**
**CENTRAL DIVISION**

|  |  |  |
|---|---|---|
| In re | ) | Chapter 7 |
|  | ) | Case No. 22-40216-EDK |
| TOP LINE GRANITE DESIGN, INC., | ) |  |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |
|  | ) |  |
| STEVEN WEISS, Chapter 7 Trustee, | ) |  |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Adv. Pro. No. 23-04004-EDK |
|  | ) |  |
| MR ADVANCE, LLC, | ) |  |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |

## CERTIFICATE OF SERVICE

I hereby certify that on January 14, 2025, I filed the foregoing Response to Motion to Compel using the Court's CM/ECF system which served the same on the following:

**Mark Esposito**
Shatz, Schwartz and Fentin, P.C.
1441 Main Street
Ste 1100
Springfield, MA 01103
Email: mesposito@ssfpc.com

*/s/ Shanna M. Kaminski*